# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BRENDA URNIKIS-NEGRO, )
)
    Plaintiff, )
)
vs. ) Case No. 06 C 6014
)
AMERICAN FAMILY PROPERTY )
SERVICES, INC., NICOLE LASH, )
and TODD LASH, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After a bench trial in this suit under the Fair Labor Standards Act, the Court awarded plaintiff Brenda Urnikis-Negro $24,466. *See Urnikis-Negro v. Am. Family Prop. Servs., Inc.*, No. 06 C 6014, slip op. at 22 (N.D. Ill. July 21, 2008). Urnikis-Negro's counsel have filed a petition for attorney's fees, seeking $126,327.25 in attorney's fees and expenses, "plus the reasonable fees incurred in preparing the fee petition itself," an amount counsel have not quantified. Defendants, who paid their legal counsel approximately $70,000 in attorney's fees and expenses to defend the case, have made specific objections to $46,647.00 of the amount plaintiff's counsel requested. Defendants make no specific objections to the remaining $79,680.25 but argue generally that the Court should not award plaintiff''s counsel legal fees exceeding the damage award. Via their reply, plaintiff's counsel have agreed to further reductions of $8,823.00, making the total amount requested $117,504.25.

In this decision, the Court rules on some of the disputed points. To rule on the remainder, the Court will require further information from plaintiffs, as described below.

A fee award need not be proportionate to the amount of damages a plaintiff recovers. A court is required, however, to consider this factor – along with issues such as the significance of the legal issues involved and the public purpose of the litigation – in determining whether to reduce the amount that would be awarded by multiplying the time counsel reasonably expended by his reasonable hourly rate. *See, e.g., Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999); *see also, Deicher v. City of Evansville*, 545 F.3d 527, 545-46 (7th Cir. 2008). The Court will address this factor as required after the Court determines the amount of time counsel reasonably expended (defendants do not challenge the hourly rates proposed by plaintiff's counsel).

The Court rejects, however, defendants' contention that the fee award should not exceed the amount of damages the Court awarded to plaintiffs. Defendants themselves incurred around $70,000 in attorney's fees and expenses, suggesting that at least that amount of time and effort was reasonably spent by plaintiffs' counsel on the case. And though it may be true that "[i]n ordinary private litigation . . ., a fee exceeding the damages usually is not 'reasonable,'" *Cole v. Wodziak*, 169 F.3d 486, 488 (7th Cir. 1999), this is not that sort of litigation. As Judge Shadur noted in *Cunningham v. Gibson Elec. Co.*, 63 F. Supp. 2d 891 (N.D. Ill. 1999), FLSA cases are among the categories "in which Congress has weighed in on the plaintiffs' side of the scales as a policy matter." *Id.* at 894. The Court also agrees with what Judge Shadur

went on to say in *Cunningham*:

> [T]his Court rejects the Hobson's choice that [defendant] would thrust on an employee such as [plaintiff], who has been the victim of far more than a "small offense" or "petty tyranny" in the form of his employer's protracted nonpayment of statutorily-mandated overtime: Either try to find a lawyer who will handle your case without the prospect of receiving anything even approaching adequate compensation if the case is won (and of course taking the risk of being paid nothing if the case is lost), or give up your case without a fight, thus rewarding your employer for having flouted the law.

*Id.* (citing *Barrow v. Falck*, 977 F.2d 1100, 1103-04 (7th Cir. 1992)). In addition, as the Seventh Circuit has stated,

> the amount of [a damages] award, taken alone, does not represent the full value achieved by litigation vindicating one's civil rights. . . . Indeed, if a citizen is impotent to enforce his constitutional or statutory rights because of inability to obtain legal assistance given the limited prospect of monetary relief, "his day in court is denied him; the congressional [or constitutional] policy which he seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers."

*Estate of Borst v. O'Brien*, 979 F.2d 511, 517 (7th Cir. 1992) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986)).

Based on the record as it now stands, however, the Court is unable to assess completely the reasonableness of the disputed time. Defendants have provided a court a list of the 130-plus time entries to which they object. The objections, in large part, involve claims of unreasonable duplication of effort, excessive time spent on particular tasks, and charges for tasks defendants contend should not be included at all. Plaintiffs have provided an item-by-item response. The Court has tentatively concluded that at least as to some tasks, the case was overstaffed to some extent, and that some amount of time requested likely does not meet the reasonableness standard. But the Court is unable to make a determination regarding the extent of duplicative or

3

unreasonable attorney time. The reason for this is that plaintiff's counsel have not presented an overall statement of their time or, more particularly, an activity-based breakdown of the time spent per attorney (e.g., time spent preparing the complaint; time spent on discovery; time spent preparing the final pretrial order). *See generally Pasternak v. Radek*, No. 07 C 2858, 2008 WL 2788551, at *8 (N.D. Ill. Apr. 3, 2008). The Court does not fault plaintiff's counsel for this; they did what Local Rule 54.3 requires. But the Court cannot make an adequate assessment of the degree of unreasonably requested time or unreasonable duplication of effort without seeing the bigger picture.

That said, the Court believes that it can set out some general guidelines by which it will assess the fee petition. First, it was not unreasonable to have two attorneys work on the case or to prepare for and try the case. It was not an overly complicated suit, but enough was at stake, the witnesses were sufficiently numerous, and the issues involved sufficient detail, that plaintiff reasonably had two lawyers trying the case and performing certain other tasks. Second, the same likely is not true for certain other tasks, such as preparation for particular depositions, attendance at depositions, and perhaps other tasks. Third, the Court is unpersuaded that it was reasonable to claim time for more than two attorneys working on the case, as appears to have occurred at least during certain phases. Fourth, the Court is unpersuaded that it is reasonable to shift to defendants *both* the time required for the second-chair trial counsel (an associate) to learn the case and get up to speed *and* the overlapping time her predecessor, who left the law firm while the case was pending, spent on the case. Under the circumstances, that time is unreasonably sought; it should have been

excluded via the exercise of lead counsel's "billing judgment." *See Spegon*, 175 F.3d at 552 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The Court directs plaintiff's counsel to provide the Court, within twenty-one days of this order, the following:

- a listing of the time entries that would be excluded based on the third and fourth points in the preceding paragraph, preferably in the form of a table including the same information found in the first six columns of the table attached to plaintiff's reply brief;

- a breakdown of the amount of time spent by each attorney on the various activities for which time is charged (this should be a breakdown of the time spent *after* elimination of any time covered by the third and fourth points in the preceding paragraph). Plaintiffs' counsel may do this by reasonable approximation; precision is not required.

- a listing of the amount of time counsel seek for preparation and briefing of the fee petition.

In their submission, plaintiff's counsel may make argument regarding the reasonableness of the time sought to prepare and brief the fee petition, but not on the other points, as both sides have had a sufficient opportunity to brief those points. Defendants may file, seven days after plaintiff's supplemental submission, a response addressing only the reasonableness of the time sought for the fee petition.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 15, 2008